**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00933-GPG

ERIC LAURSON,

    Applicant,

v.

RANDY LIND, and
CYNTHIA COFFMAN, The Attorney General of the State of Colorado

    Respondents.

---

ORDER OF DISMISSAL

---

**I.  Background**

Applicant is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado. Applicant, acting *pro se*, initiated this action on May 1, 2015, by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No.1, challenging the conviction and sentence in State of Colorado Criminal Case No. 98CR1675.  Applicant filed an Amended Application on June 18, 2015, ECF No. 9, which is the operative pleading.

In an order entered on June 19, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action.

Respondents filed a Pre-Answer Response, ECF No. 15, on August 10, 2015, and Applicant filed a Reply, ECF No. 16, on September 18, 2015.

Applicant raises seven claims. The claims are as follows:

(1) In violation of the Sixth and Fourteenth Amendments, trial counsel failed to request jury instructions and the trial court failed to instruct the jury on the definition of "participant";

(2) In violation of the Fourteenth Amendment, trial counsel showed bias before the trial, when he stated to Applicant's brother at his trial that he would "take it easy on him" because he would be sentencing his brother to life without parole;

(3) In violation of the Fourteenth Amendment, admission of prejudicial evidence of prior violent acts committed by Applicant;

(4) In violation of the Sixth Amendment, a juror was seated who had familiarity with the court and whose husband worked for the court and at the time of the trial was a Jefferson County deputy;

(5) In violation of the Sixth Amendment, trial counsel was ineffective in not telling Applicant about the comments the judge made at his brother's hearing and in not challenging apparent bias by the trial judge;

(6) In violation of the "Eighth Amendment equal protection rights," trial counsel and trial court failed to investigate whether Applicant suffered from trauma and other related disorders that would support a diminished capacity and demonstrate his inability to participate in his own defense; and

(7) Colo. Rev. Stat. §§ 18-1-502 and 18-1-503(4) were applied in an unconstitutional manner because the jury is required to return a verdict that Applicant acted with the same culpable mental state in causing the death of the victim, which did not happen in this case.

ECF No. 9 at 5-16.

## II. Analysis

The Court must construe liberally the Application and the Reply, because Applicant is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. See Hall, 935 F.2d at 1110.

Respondents concede that the action is timely. ECF No. 15 at 11. Respondents, however, argue that all of the claims asserted in the Application are unexhausted and no state remedy is available; because any attempt to relitigate the issues, based on a new constitutional theory, would be rejected by the state courts as an abuse of process. Id. at 15. In support of their argument, Respondents state that the claims in Applicant's 2013 postconviction motion were denied pursuant to Colo. R. Crim. P. 35(c)(3)(VII) or (VI); because the claims either are successive or could have raised previously in Applicant's direct appeal or in his previous Rule 35(c) postconviction motion. Id. at 16.

### 1. Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See Castille v. People, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

### i. Claims One, Two, Four, and Five

Respondents argue that Applicant raised these claims in his first postconviction proceeding, but only raised them in a conclusory manner in his appeal to the Colorado Court of Appeals (CCA) and the Colorado Supreme Court (CSC) based on cumulative error; and the CCA refused to address such a "skeletal" argument. ECF No. 15 at 13.

In the Reply, Applicant argues that (1) Respondents' skeletal argument is "nothing more than a smoke and mirrors attempt to distract from the validity of [his] claims"; (2) it is clearly established law and procedure that a pro se litigant's filings should be liberally construed; and (3) he pursued all of his filings with due diligence and had to rely on others to help him. ECF No. 16 at 2-3.

In his opening brief, on appeal of the first postconviction motion, Applicant argued as follows.

> The combination of error and irregularities in the Defendant's case need not be re-articulated in full in this motion. However, the Appellant request [sic] that this Court accept and review all of the Appellant's post-conviction filings and efforts contained in the record. It is imperative for this Court to take and consider the claims of ineffective assistance of trial counsel, judicial bias, juror bias and misconduct, instructional error and the remainder of the issues contained in the briefing.

ECF No. 15-6 at 11.

In addressing these claims the CCA found as follows.

> V. Cumulative Error
>
> Finally, defendant asks that we review the "totality of [his] postconviction filings" and other "efforts" and conclude that he is entitled to a hearing or reversal of his convictions based upon cumulative error. He summarily states that the combined effects of "ineffective assistance of trial counsel, judicial bias, juror bias and misconduct, instructional error and the remainder of the issues contained in the briefing . . . render the proceedings infirm."
>
> "The doctrine of cumulative error requires that numerous errors be committed, not merely alleged." *People v. Rivers,* 727 P.2d 394, 401 (Colo. App. 1986).
>
> As noted above, a "skeletal" argument, which is nothing more than an assertion, does not preserve a claim. The reviewing court needs to be informed of specific errors and the grounds, supporting facts, and authorities in support of the claim. *See Rodriguez*, 914 P.2d at 250; *Venzor*, 121 P.3d at 264.
>
> Defendant's claim of cumulative error is presented to us only in a perfunctory or conclusory manner and thus, we decline to address it.

*People of State of Colo. v. Laurson*, No. 10CA1789, 6 (Colo. App. July 26, 2012);

ECF No. 15-7 at 7.

5

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998); *see also Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). The Court will discuss actual prejudice and fundamental miscarriage of justice below.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir.1998) (quoting *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). "For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *Hickman*, 160 F.3d at 1271 (citations and internal quotations omitted). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

The CCA found that Applicant failed to specify the errors and to state the grounds for relief based on supporting facts and authorities. *Laurson* , No. 10CA1789 at 6. Pursuant to Colorado Appellate Rule 28(a)(4), an argument "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on . . . ."

State of Colorado appellate rules are not "mere technicalities, but rather serve an important purpose in facilitating appellate review." *Draper v. DeFrenchi-Gordineer*, 282 P.3d 489, 499 (Colo. App. 2011) (citing *O'Quinn v. Baca*, 250 P.3d 629, 631-32 (Colo. App. 2010). The requirements in C.A.R. stand fully independent from the federal law that governs Applicant's constitutional claims, and there is no reason to doubt the CCA

6

applies this rule evenhandedly and often.  *See People v. Hicks*, 262 P.3d 916, 920 (Colo. App. 2011) (CCA declined to address a claim because defendant neither articulated a cogent argument for review nor provided supporting legal authority); *People v. Hill*, 228 P.3d 171, 176 (Colo. App. 2009) (CCA declined to consider issue because defendant failed to adequately present the issue).

Based on these findings, Claims One, Two, Four, and Five are procedurally defaulted for failure to comply with C.A.R. requirements, which are fully independent from the federal law the governs Applicant's constitutional claims.

### ii.  Claim Three

Respondents assert that Applicant raised this claim in his opening brief on direct appeal in the CCA and in the CSC.  ECF No. 15 at 14.  Respondents further assert that Applicant raised this claim in conjunction with his challenge to the denial of his motion for a mistrial and in presenting the claim made references to the right to a fair trial under the Sixth and Fourteenth Amendments.  *Id.*  Respondents contend that Applicant's "drive-by citation" is insufficient to exhaust a claim.  *Id.*

In his Reply, Applicant argues that he did raise "constitutional error/violations [ ] as part of his argument and he did his best, as an untrained non-lawyer pro se litigant." ECF No. 16 at 3.

A review of Applicant's arguments in his opening brief regarding the mistrial issue reveals as follows.

> An accused has the constitutional right to a fair trial. *E.g., Oaks v. People*, 150 Colo. 64, 371 P.2d 443 (1962); *People v. Goldsberry*, 181 Colo. 406, 509 P.2d 801 (1973); *see* U.S. CONST. amends. VI, XIV; CONST. art. II, sections 16, 23, 25.
>
> It is "[b]asic to our criminal law concepts" that an

> accused not be subject to a "presumption of guilt" on a charged offense arising from evidence of other crimes. *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959); *see also People v. Garner*, 806 P.2d 366 (Colo. 1991). Such evidence raises "the risk of being found guilty on the crime charged due to bad character rather than on the basis of the evidence relating to the crime charged." *Garner*, at 369 (citing *People v. Lucero*, 200 Colo. 335, 615 P.2d 660 (1980)).
>
> Where improper reference is made to prior criminality, a mistrial is mandatory, even if the accused objects. *People v. Moore*, 701 P.2d 1249, 1252 (Colo. App. 1985), *cert. denied*, 706 P.2d 802 (citing *Goldsberry, supra*, and *Salas v. People*, 177 Colo. 264, 493 P.2d 1356 (1972)). Disclosing other crimes results in a "denial of justice," and a cautionary instruction may only compound this effect. *Salas*, 493 P.2d at 1357.
>
> "Normally, mentioning unrelated offenses would be subject to serious objection, especially where the defendant did not take the stand." *People v. Pacheco*, 502 P.2d 70, 71 (Colo. 1972)[; *see*] *also Sanders v. People*, 109 Colo. 243, 125 P.2d 154 (1942).

ECF No. 15-1, Ex. A, at 31-32.

The CCA responded to the mistrial issue as follows.

> Defendant next asserts the trial court erred in denying his motion for mistrial. Again, we disagree.
>
> A mistrial is a drastic remedy that is warranted only when prejudice to the accused is so substantial that its effect on the jury cannot be remedied by any other means. Because the trial court is in a better position to evaluate any adverse effect that improper testimony might have upon a jury, it has discretion to determine whether a mistrial is warranted. Absent a gross abuse of that discretion and prejudice to the defendant, we will not disturb a trial court's decision to grant or deny a motion for a mistrial. *People v. Johnson*, 987 P.2d 855 (Colo. App. 1998).
>
> Defendant asserts the trial court should have granted a mistrial as a result of testimony given by the acquaintance that defendant had a pending case against him at the time the shootings occurred. The court agreed that the witness' reference to other criminal behavior, and the implied

>   reference to defendant's aggressive and dangerous character, were improper. Nevertheless, the court denied the motion, noting that this was one isolated reference, and that the jurors already knew from the circumstances of the case that defendant had previously engaged in criminal activity. Additionally, the trial court instructed the prosecution not to use the testimony in closing argument. Defendant rejected the court's offer to provide a curative instruction.
>
>   We perceive insufficient prejudice to defendant under these circumstances to warrant reversal. We agree with the trial court that the jury was aware that defendant was involved in criminal activity. Accordingly, denial of the mistrial motion was not an abuse of discretion.

ECF No. 15-2 at 3; *People of the State of Colo. v. Laurson*, 15 P.3d 791, 797 (Colo. App. 2000).

With limited exceptions that are not applicable to this claim, the Colorado Rules of Criminal Procedure bar Applicant from raising a claim in a postconviction motion that could have been raised on direct appeal, or that was already raised on postconviction appeal. *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously).

If it is obvious that an unexhausted claim would be procedurally barred in state court the claim is subject to an anticipatory procedural bar, *see Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (citation omitted), and is procedurally barred from

9

federal habeas review, *Steele v. Young* , 11 F.3d 1518,1524 (10th Cir. 1993) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Upon review of Applicant's opening brief on direct appeal and the CCA's decision regarding the mistrial issue, the Court finds the reference to the Sixth and Fourteenth Amendments by Applicant in the opening brief does not sufficiently present the mistrial issue as a claim arising under federal constitutional law.  No legal authority or case law that Applicant cites to and relies on in the opening brief, in support of his mistrial claim, is based on underlying federal legal theory.  Furthermore, nothing in the CCA's opinion indicates the mistrial claim was reviewed on the basis of federal law.

Claim Three, therefore, is subject to an anticipatory procedural bar in state court and as a result is barred from federal habeas review.

### iii.   Claim Six

Respondents assert that Applicant appears to have raised this claim in his initial postconviction proceedings, although it was not addressed in the trial court's 2010 order dealing with the initial postconviction proceeding.  ECF No. 15 at 14.  Respondents further assert that Applicant raised the matter of competency in the CCA and the CSC "with a fleeting mention of 'due process.' " *Id.*    In conclusion, Respondents argue that a conclusory reference to broad federal rights such as due process or fair trial is insufficient to exhaust an alleged constitutional violation; but nonetheless they note that Applicant does not frame this claim in the Application as a due process violation, but he identifies the claim as a violation of his "8th Amendment equal protection rights."   *Id.* at 15.

In his Reply, Applicant contends that Respondents tacitly admit he raised this claim in the trial court but that Respondents argue the claim should be dismissed because the trial court did not adequately address the claim.   ECF No. 16 at 3.   Applicant,

furthermore, claims that if he was mentally ill then he could not have waived a constitutional right, and "[h]aving this claim reviewed rises to that level." *Id.* Applicant's arguments regarding Claim Six are unclear. The Court, nonetheless, will need only to rely on Applicant's opening brief on appeal of his first postconviction motion to determine if he has exhausted Claim Six. Applicant asserts the following in his opening brief regarding the competency issue.

> A clear question exist [sic] as to the competency of the Defendant, not only at the time of the crime, but during the pending proceedings with regards to this case. This issue has never been addressed or resolved in an appropriate fashion.
>
> The Defendant's condition was severe and involved periods of emotional balckouts [sic] and periods of episodic amnesia. The prosecution attributed, as well as the court, to the Defendant being on drugs. However, no formal review has ever been done on the Defendant with an attempt to obtain a true diagnosis. In many mentally ill individuals it is not uncommon to see self medicating via illegal drugs.
>
> The trial court in its recent ruling dismisses this claim by simply finding that much planning went into the crime, so henceforth the Defendant could not be mentally ill. This logic is flawed and is in clear violation of the statutory directives placed upon the Court.
>
> The only burden the Defendant needed to meet was the "reason to believe" standard. See Capelli v. Demlow, 35 P.2d 57. What this means is that if these [sic] exist [sic] any "reason to believe" that the Defendant may suffer from a mental illness or is incompetent than [sic] the Court must proceed pursuant to §16-8-111. Here, enough reason to believe had been established, via the Defendant's own 35(c) Petition, to spur a review, at minimum, at a [sic] evidentiary hearing prior to ordering a formal § 16-8-111 review.
>
> Under Colorado law, when a court becomes aware of potential competency issues, the court must stop all other court proceedings and filings and proceed to a review pursuant to § 16-8-111. This statute governs how the court is

> to proceed in situations such as the Defendant's. § 16-1-111 states that the Court loses jurisdiction to enter any ruling until it has made one of the requisite 3 findings:
>
>> 1. Find the defendant competent
>>
>> 2. Find the defendant incompetent
>>
>> 3. Find that the court needs more information and order a report to be made by a licensed and competent psychologist.
>
> Clearly this did not happen in this case and the court lost jurisdiction to do anything but entered one of these three findings. The purpose of the laws protecting the mentally ill is to ensure against a violation of due process that would arise if a defendant who is not mentally competent were required to participate in critical proceedings. Schwader v. District Court, 474 P.2d 607,
>
> As stated, the only appropriate procedure for resolving this issue at this time is via a retrospective competency determination. See § 16-8-110(1)(6). In determining whether a meaningful hearing can be held, a court should consider: (1) the passage of time, (2) the availability of any contemporaneous medical evidence to include medical records, (3) the original records being intact, (4) the availability of individuals and witnesses who interatcted [sic] with the Defendant at the time in question. § 16-8-102(3), § 16-8-110 and People v. Corichi.
>
> The Appellant can meet all of these required burdens. It must only be made available to him to be able to present his claims in the appropriate venue. It will be said that this is a ploy to obtain a new trial, but the Defendant is serving a life term and he should be afforded every opportunity to present and litigate issues of concern that have yet to be resolved. The Defendant has been detached and unable to fully participate in his own defense having to largely rely upon others to complete the work that must be done. A full evaluation, as afforded in § 16-8-111 would help to resolve this question for all parties involved and this Court should remand with clear instructions for the lower court to pursue such a review.

ECF No. 15-6, Ex. F, at 8-10.

The CCA found as follows regarding the competency issue.

### III. Competency Claims

Defendant first contends the trial court erred because it did not "stop all other court proceedings" and proceed to a "retrospective competency determination" after he raised the issue of his competency in his Crim. P. 35(c) motion. We are not persuaded.

The law presumes that a defendant is competent to stand trial, and thus, the burden to prove incompetency rests with the accused. *People v. Palmer*, 31 P.3d 863, 866 (Colo. 2001). A defendant's competence is a question of fact, and the trial court's ruling is reviewed for abuse of discretion. *See id.* at 865-66.

Here, defendant concedes that his competency was not raised at or before trial. However, in his postconviction filings, defendant complains of a learning disability and dyslexia, and argues that it was possible that he had mental health issues from earlier violent encounters, past victimization, and drug use.

As noted above, defendant's postconviction counsel found no merit in his assertions and withdrew from the case. The court also rejected his claims as lacking merit.

Further, defendant did not allege that he was incapable of understanding the nature and course of the proceedings against him, of participating or assisting in his defense, or of cooperating with his defense counsel. *See People v. Price*, 240 P.3d 557, 561 (Colo. App. 2010) (stating competency standard).

On appeal, defendant attempts to fortify the claim of incompetency by arguing that his condition was "severe" and involved "periods of emotional [blackouts] and periods of episodic amnesia," and that he has "been detached and unable to fully participate in his own defense having to largely rely upon others to complete the work that must be done." *See People v. Rodriguez*, 914 P.2d 230, 251 (Colo. 1996) (reviewing court may uphold the trial court's rejection of defendant's claims, which were inadequately raised or supported in motion, regardless of the adequacy of presentation on appeal).

> In these conclusory assertions, defendant does not specify when such periods of detachment, emotional blackout, and amnesia occurred. Nor does he specify when or how they inhibited his ability to participate in his defense. Further, defendant's pro se filings demonstrate his understanding of the proceedings against him, and his belief that he was fully capable of assisting in his defense at trial. *See Palmer*, 31 P.3d at 870 (concluding record showed defendant was able to understand the proceedings against him or to assist in his own defense, despite claims of amnesia); *Price*, 240 P.3d at 563 (trial court was under no duty to suspend proceedings and determine defendant's competency where counsel failed to establish a "bona fide doubt" as to defendant's competency).
>
> Under these circumstances, we conclude the trial court did not err in rejecting his claim.

ECF No. 15-7, Ex. G, at 3-6; *People of the State of Colorado v. Laurson*, No. 10CA1789, 2-5 (Colo. App. July 26, 2012).

Nothing Applicant asserts in the opening brief on appeal of his first postconviction motion indicates he was challenging his competency based on any federal legal authority. Furthermore, nothing in the CCA's opinion indicates the competency claim was reviewed as a federal constitutional claim. The Court, therefore, finds that Applicant has not exhausted his state court remedies in Claim Six. The claim now is anticipatorily defaulted and barred from federal habeas review.

### iv.  Claim Seven

Respondents assert that Claim Seven was not raised specifically on appeal in Applicant's direct appeal, Case No. 99CA0051, or in his postconviction motions on appeal, Case Nos. 10CA1789 or 13CA0535. ECF No. 15 at 15.

Applicant argues that

> he did his best to research and bring all of his known claims before the Courts, to include this claim seven (constitutionality regarding Colorado's felony murder statute). Any deficiency

> in this was not intentional and was simply mistakes made by a novice in the law. [Applicant] did ask the courts and his various lawyers to liberally construe his work and the claims he presented.

ECF No. 16 at 4.

The Court has reviewed each of Applicant's opening briefs in Case Nos. 99CA0051, 10CA1789, and 13CA0535. The Court finds Claim Seven was not presented in any of these appeals. Furthermore, nothing in the CCA's opinion indicates Claim Seven was reviewed as a federal constitutional claim. The Court, therefore, finds that Applicant has not exhausted his state court remedies in Claim Seven. The claim now is anticipatorily defaulted and barred from federal habeas review.

### 2. Cause/Actual Prejudice or Fundamental Miscarriage

A federal court, however, may proceed to the merits of a procedurally defaulted habeas claim if the applicant establishes either cause for default and actual prejudice or fundamental miscarriage of justice when the merits of a claim are not reached. *See Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997). Applicant's *pro se* status does not exempt him from the requirement of demonstrating cause for the default and actual prejudice or failure as a result of the alleged violation of federal law or demonstrating that failure to consider the claims will result in a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Applicant contends that this Court should consider his claims because he pursued his claims with due diligence throughout his postconviction proceedings in presenting violations that implicate federal constitutional deprivations. ECF No. 16 at 4. Applicant further asserts that Respondents admit he has presented his claims in state court; but they argue that he did not do it "good enough" to merit habeas review in this Court. *Id.*

Applicant also argues that actual innocence is implied through all of his filings. *Id.* Finally, Applicant contends that he is a novice in the law and his work and claims should be construed liberally. *Id.*

To demonstrate cause for his procedural default, Applicant must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). Ineffective assistance of counsel may establish cause excusing a procedural default. *Jackson*, 143 F.3d at 1319.

Applicant's due diligence and ignorance of the law claims do not show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. Because Applicant fails to assert any interference by officials that makes compliance with the State's procedural rule impracticable or that the factual or legal basis for a claim was not reasonably available to him, he fails to establish cause for excusing procedural default.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). However, "tenable actual-innocence gateway pleas are rare." *Id.* at *1928. To be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327.

Applicant's claim of actual innocence is not based on new reliable evidence under the *Schlup* standard. Applicant's arguments fall far short of the showing that which is necessary to support a credible claim of actual innocence under *Schlup*. There is no basis, therefore, for waiving the procedural default based on actual innocence.

### III.   Conclusion

Based on the above findings, Applicant's claims are procedurally defaulted and barred from federal habeas review.

The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied as procedurally defaulted and the action is dismissed with prejudice as barred from federal habeas review. It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show jurists of reason would find it debatable that the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED:   November 5, 2015, at Denver.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court